## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

JOSEPH BARRON-BARTLETT,
ADC #163751                                                                    PLAINTIFF

2:20CV00180-BSM-JTK

GAYLAN LAY, et al.                                                             DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.      Introduction

Plaintiff Joseph Barron-Bartlett is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Division of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement (Doc. No. 5).

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of exhaustion. (Doc. Nos. 18-20).

When Plaintiff failed to respond, this Court issued an Order on January 4, 2021, directing him to respond within fifteen days of the date of the Order (Doc. No. 21). The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.) As of this date, Plaintiff has not responded to the Motion.

## II.     Facts

In his Amended Complaint, Plaintiff alleged Defendants violated his rights against cruel and unusual punishment by keeping cell lights on continuously in Isolation, causing sleep deprivation and physical illness. (Doc. No. 5)

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in

3

the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.   FED.R.CIV.P. 56(e).

The Court finds that Defendants' Motion should be granted, based on Plaintiff's failure to exhaust his administrative remedies prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 19-34 (Doc. No. 18-2) and the Prison Litigation Reform Act, 42 U.S.C.§1997e. Defendants present the Declaration of Shirley Lowe, the Inmate Grievance Coordinator, who stated that she reviewed Plaintiff's grievance history from March 23, 2018, through the date this lawsuit was filed on September 2, 2020, and found that Plaintiff did not file or fully exhaust any non-medical grievances relating to the claim asserted in this lawsuit. (Doc. No. 18-1, pp. 6-7) In addition, she found no record of exhausted non-medical grievances which named the

4

Defendants and which were filed between June 1, 2020 and September 2, 2020. (Id., p. 7)

Lowe also explained the ADC grievance procedure as a three-step process, beginning with an informal grievance which must be filed within fifteen days of the date of the incident/occurrence. (Id., pp. 2-3) This informal grievance must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id., p. 2) If the inmate is not satisfied with the informal response, he may proceed to step two by filing a formal grievance to the Warden. (Id., p. 3) If the inmate is not satisfied with the Warden's response, the inmate may file an appeal to the Chief Deputy/Deputy/Assistant Director. (Id., p. 5) The policy also informs the inmates that they must exhaust their administrative remedies as to all defendants at all levels of the grievance process before filing a § 1983 lawsuit, or their lawsuit/claims may be dismissed pursuant to the PLRA. (Id., p. 6)

Based on this Declaration, the requirements of the grievance policy and the PLRA, and absent a Response from Plaintiff, the Court finds that Defendants' Motion should be granted.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The ADC grievance policy in effect clearly instructs inmates to exhaust administrative remedies at all levels of the grievance procedure before filing a § 1983

6

lawsuit. (Doc. No. 18-2, p. 19) In this particular case, Defendants provide proof that Plaintiff did not fully exhaust any grievance with respect to the claim asserted against them in his Complaint. Therefore, the Court finds that Plaintiff's Amended Complaint should be dismissed.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 18) be GRANTED, and Plaintiff's Amended Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 28th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE